IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN ROY, ) | |
| ) | No. 21 C 2744 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| POWER DRY CHICAGO INC., d/b/a ) | |
| CHICAGO WATER AND FIRE ) | |
| RESTORATION, RYAN KELLY, in ) | |
| his official and individual capacities, ) | |
| and JOHN MOTALBANO, in his ) | |
| official capacities [sic], ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff sues defendants for their alleged violations of Title VII and 42 U.S.C. § 1981. The case is before the Court on defendants' Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court grants in part and denies in part the motion [17].

**Facts**

Plaintiff, who is African American, worked for defendant Chicago Water and Fire Restoration ("CWFR") as an IT manager from April 15, 2019 to November 6, 2019. (Compl. ¶¶ 12-13.) He reported to defendants Kelly and Montalbano, who are the president and general manager, respectively, of CWFR. (*Id.* ¶¶ 6-7, 14.)

On October 16, 2019, defendant Kelly asked plaintiff to assemble a toy robotic arm for another employee. (*Id.* ¶ 24.) When plaintiff objected because he did not believe the task related to his job responsibilities, Kelly said: "[I]t's not like we're asking you to pick cotton." (*Id.* ¶¶ 25-28.)

Two days later, defendants gave plaintiff a supervisory note that said he was taking too long to complete projects and had to improve his performance to keep his job. (*Id.* ¶ 32.) The note falsely said: (1) Montalbano had to take over plaintiff's projects of designing a business card marketing tool and a fire referral card because of plaintiff's constant need for instruction; and (2) plaintiff told defendants he could not fix a crashed spreadsheet in which CWFR registers incoming jobs. (*Id.* ¶¶ 34-46.) That was the first time anyone from CWFR told plaintiff his performance was unsatisfactory. (*Id.* ¶ 33.)

After receiving the note, plaintiff emailed Trevor Madera, who had signed it, rebutting the allegations in it. (*Id.* ¶ 49.) Madera never responded. (*Id.*)

On October 23, 2019, plaintiff told Montalbano he was taking a sick day. (*Id.* ¶ 53.) Montalbano told plaintiff he would need a doctor's note justifying the sick day. (*Id.* ¶ 54.) Montalbano did not ask non-African-American employees to justify a sick day with a doctor's note. (*Id.* ¶¶ 55-56.) Immediately after he took the sick day, Montalbano issued a supervisory note to plaintiff that said plaintiff had received an "unexcused absence for not following company policy." (*Id.* ¶ 57.)

On November 1, 2019, Montalbano gave plaintiff a performance review that said plaintiff met CWFR's expectations, got things up and running quickly and efficiently, understood the job functions, and worked well with other employees. (*Id.* ¶ 59.)

On November 5, 2019, Montalbano asked plaintiff to revise the graphics for a trifold pamphlet plaintiff had designed. (*Id.* ¶ 62.) Plaintiff asked Montalbano if he had a design in mind, and Montalbano said he did not, as he was not a designer. (*Id.* ¶ 63.)

On November 6, 2019, plaintiff received a separation of employment letter. (*Id.* ¶ 65.) The notice said plaintiff sought too much support from Montalbano on the pamphlet design project,

2

and plaintiff's attitude stopped Montalbano from assigning plaintiff data filtering and data mining tasks because plaintiff felt those tasks were not part of his job. (*Id.* ¶ 66.)

## Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Defendants Kelly and Montalbano argue that the discrimination claims asserted against them in Count I must be dismissed because Title VII does not authorize suits against individuals. Plaintiff agrees. (*See* ECF 17 at 4; ECF 19 at 1-2.) Thus, the Court dismisses those claims with prejudice.

Defendant CWFR argues that the Count I claim asserted against it, though styled as a race discrimination claim, is really an inadequately pleaded racial harassment claim. Plaintiff contends that it is a properly-alleged discrimination claim. To state a viable Title VII discrimination claim, plaintiff must allege that he is a member of a protected class, he suffered an adverse employment action, and the adverse action was taken against him because of his membership in the protected class. *Morgan v. SVT, LLC*, 724 F.3d 990, 995 (7th Cir. 2013). Plaintiff pleads all of these elements in Count I. (Compl. ¶¶ 68-70.) Accordingly, CWFR's motion to dismiss Count I is denied.

Count II is a Title VII wrongful termination claim against CWFR, *i.e.*, another a race discrimination claim based on plaintiff's termination. CWFR contends that the claim should be dismissed because plaintiff has pleaded facts that negate the required elements. However, the

3

elements CWFR cites are those for making a prima facie case of discrimination to defeat a summary judgment motion, not those required to survive a motion to dismiss. (ECF 17 at 7 (citing *Hosick v. Chi. State Univ. Bd. of Trs.*, 924 F. Supp. 2d 956, 966 (N.D. Ill. 2013) (setting forth the elements of a prima facie case of discrimination necessary to defeat summary judgment under the *McDonnell Douglas* burden-shifting approach)).) As discussed above, plaintiff has adequately pleaded a Title VII race discrimination claim. Because, however, Count II is wholly duplicative of Count I, the Court dismisses Count II. *See Barrow v. Blouin*, 38 F. Supp. 3d 916, 920 (N.D. Ill. 2014) ("Courts have authority to dismiss duplicative claims if they allege the same facts and the same injury.").

In Count III, plaintiff asserts a retaliation claim under 42 U.S.C. § 1981. To state a viable claim, plaintiff must allege that he engaged in a statutorily protected activity, he suffered an adverse employment action, and there is a causal connection between the two. *Herrera v. Di Meo Bros., Inc.*, No. 19-CV-8298, 2021 WL 1175212, at *7 (N.D. Ill. Mar. 29, 2021). Defendants first argue that the claim should be dismissed because plaintiff alleges that defendants had multiple, non-retaliatory reasons for his termination. While plaintiff alleges that defendant offered various reasons for terminating him, he also alleges that those reasons were false, and the true cause for his termination was retaliation for expressing opposition to defendants' allegedly discriminatory conduct. (Compl. ¶¶ 32-50, 65-67, 78-79.) Thus, this argument fails.

However, defendants second argument, that plaintiff failed to allege that he engaged in statutorily protected activity, is persuasive. In the context of retaliation claims, the Seventh Circuit has said that "Title VII prohibits employers from discriminating against an employee because he has opposed any practice made an unlawful employment practice by this subchapter or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding,

or hearing." *Logan v. City of Chi.*, 4 F.4th 529, 538 (7th Cir. 2021) (internal quotations and citations omitted); *see Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009) (stating that courts "apply the same elements to retaliation claims under Title VII and § 1981"). Though "informal complaint[s] may constitute protected activity for purposes of retaliation claims," *Casna v. City of Loves Park*, 574 F.3d 420, 427 (7th Cir. 2009), plaintiff does not allege that he complained in any way to anyone about discrimination. In fact, he affirmatively alleges that he did not complain about Kelly's cotton picking comment. (Compl. ¶¶ 29-30.) Because plaintiff has not alleged that he complained or took any other action to oppose defendants' alleged discrimination, he has not stated a viable § 1981 retaliation claim. *See Logan*, 4 F.4th at 539 (declining to apply a "broader view" of protected activity under Title VII).

## Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendants' motion to dismiss [17]. The Court: (1) dismisses with prejudice the Title VII claims plaintiff asserts against Kelly and Montalbano in Count I; (2) dismisses without prejudice the Title VII claim plaintiff asserts against CWFR in Count II as duplicative of the claim in Count I; and (3) dismisses without prejudice and with leave to amend the Count III § 1981 retaliation claim. The Title VII claim plaintiff asserts against CWFR in Count I stands. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to amend the § 1981 claim, if he can do so and comply with Rule 11.

**SO ORDERED.**   **ENTERED:  August 26, 2021**

**M. David Weisman**
**United States Magistrate Judge**

5